Melanie L. Proctor (CABN 228971)
Pro Se
951 Richmond Street
El Cerrito, CA 94530
(510) 473-7787
melanielsproctor@gmail.com

FILED
SEP 17 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELANIE L. PROCTOR, Pro Se,

        Plaintiff,

vs.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION.

        Defendant.

Case No. C18-5672 KAW

COMPLAINT FOR INJUNCTIVE RELIEF

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning the deposition of plaintiff taken by the Office of the Independent Counsel in May 1998, which defendant has improperly withheld from plaintiff.

**VENUE AND JURISDICTION**

2. Plaintiff is a resident of the Northern District of California; accordingly, venue is proper in this judicial district. 5 U.S.C. § 552(a)(4)(B).

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

**INTRADISTRICT ASSIGNMENT**

4. Plaintiff resides in Contra Costa County. Thus, this matter should be assigned to the Oakland or San Francisco Division.

**THE PARTIES**

5. Plaintiff, Melanie L. Proctor, is the requester of the records which defendant is now withholding.

6. Defendant, the National Archives and Records Administration, is an agency of the United States and has possession of the documents that plaintiff seeks.

## FACTUAL BACKGROUND

7. In January 1998, plaintiff began working as the Confidential Assistant to the Assistant Secretary of Defense for Public Affairs. Declaration of Melanie Proctor, ¶ 1. In May 1998, plaintiff was deposed by the Office of the Independent Counsel ("OIC"). Proctor Decl., ¶ 7 and Exhibit 1. The deposition took place at the OIC's office, located at 1001 Pennsylvania Avenue, N.W., Washington, D.C., and did not occur before the grand jury convened in the Eastern District of Virginia. Proctor Decl., ¶ 3. The OIC conditioned a deposition in its office on plaintiff waiving her right to counsel, and having the deposition be "grand jury style." *Id.*, ¶ 5. Accordingly, plaintiff's counsel was not allowed to sit in the conference room. *Id.*, ¶¶ 5-7.

8. By email dated July 10, 2018, plaintiff requested access to "all records relating to me, Melanie L. Proctor (nee Shender), found in the records of the Independent Counsel Kenneth Starr/Robert Ray/Julie Thomas." Plaintiff sought the records to learn the identity of the male attorney who deposed her. A copy of this e-mail is attached as Exhibit 2.

9. By e-mail dated July 30, 2018, plaintiff was denied access to the requested information on the grounds that it was exempt from disclosure under Exemption 3, 5 U.S.C. § 552(b)(3). A copy of this email is attached as Exhibit 4.

10. By email dated August 6, 2018, plaintiff appealed the denial of this request. A copy of this email and appeal letter is attached as Exhibit 5.

11. By email and letter dated September 10, 2018, plaintiff's appeal was denied. Plaintiff has therefore exhausted her administrative remedies. A copy of the appeal decision is attached as Exhibit 6.

12. Defendant's denial is without legal basis. The Ninth Circuit has held that the "touchstone of Rule 6(e)'s applicability is whether the disclosed materials would 'elucidate the inner workings of the grand jury." *Oracle Corp. v. SAP AG*, 566 F. Supp. 2d 1010, 1012 (N.D. Cal. 2008). Moreover, "[i]nformation obtained independent of the grand jury proceedings does not come within the secrecy provisions of Rule 6." *In re Search Warrant for Nw. EnviroServices, Inc.*, 736 F. Supp.

238, 238–39 (W.D. Wash. 1989), citing *Securities and Exchange Commission v. Dresser Industries*, 628 F.2d 1368, 1382 (D.C. Cir.) *cert. denied*, 449 U.S. 993 (1980).

13. The deposition at issue did not occur before the grand jury. Proctor Decl., ¶¶ 6, 7. Accordingly, it was not a grand jury proceeding.

## CLAIM FOR RELIEF

14. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide the requested document;

(2) Award plaintiff costs in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(3) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

*[signature]*

Melanie L. Proctor
Pro Se